IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

LAL BHATIA                                                                                          PLAINTIFF

v.                                                         CIVIL ACTION NO. 5:16-cv-11-KS-MTP

UNITED STATES OF AMERICA, ET AL.                                           DEFENDANTS

### REPORT AND RECOMMENDATIONS

THIS MATTER is before the Court on Defendants' Motion to Dismiss [26]. Having considered the parties' submissions and the applicable law, the undersigned recommends that the Motion [26] be granted and this action be dismissed.

### BACKGROUND

On October 19, 2015, Lal Bhatia filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Bhatia v. United States, et al.*, No. 5:15-cv-100-DCB-MTP (S.D. Miss. Feb. 29, 2016). On January 28, 2016, the Court found that Bhatia had asserted claims seeking declaratory and injunctive relief in his habeas petition and severed those claims into a new cause of action–the instant cause of action. (Order [1].) On February 29, 2016, Bhatia filed an Amended Complaint [7] in this action. Bhatia states that he is a "non-deportable permanent resident" presently incarcerated as a result of a federal criminal conviction rendered by the United States District Court for the Northern District of California. Indeed, on October 23, 2006, Plaintiff was sentenced by the United States District Court for the Northern District of California to a 48-month term of incarceration for "Mail Fraud" and "Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity." (Order [26-1] at 6.) On September 7, 2011, Plaintiff was sentenced in that same federal court to a 63-month term of

1

incarceration for wire fraud and money laundering. ([26-1] at 8.)

In his Amended Complaint, Bhatia claims that he faces immigration custody based on "conclusively established fabrications and [Mon] Wig's engineering." ([7] at 1.)  In his pleadings, Plaintiff provides scant information regarding Mon Wig.  In another habeas petition, however, Bhatia explained that Mon Wig is his father-in-law's cousin and alleged that Mon Wig, along with an FBI agent and assistant United States attorney, fabricated facts to mislead a grand jury to indict Bhatia in order to conceal Mon Wig's unlawful activities. *See Bhatia v. Holder*, No. 5:13-cv-74-DCB-MTP (S.D. Miss. Nov. 3, 2014).

In this action, Bhatia seeks to enjoin Immigration and Customs Enforcement ("ICE") from taking him into custody.  Bhatia also seeks an order from the Court declaring that Defendants' "records and reports are based on deliberate fabrications and Wig's engineering" and declaring that subjecting Bhatia to immigration custody violates the Administrative Procedures Act, the Take Care Clause, and the Due Process Clause.  Additionally, Bhatia seeks compensatory damages.  On May 16, 2016, Defendants filed a Motion to Dismiss [26] challenging Plaintiff's claims.

## STANDARD

In considering a motion to dismiss under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K . Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To overcome a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555 (citations and footnote omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co.*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

Additionally, a motion to dismiss under Rule 12(b)(1) challenges a federal court's subject matter jurisdiction.  In a Rule 12(b)(1) inquiry, the plaintiff bears the burden to show that the court has jurisdiction to entertain his action. *Santos v. Reno*, 228 F.3d 591, 594 (5th Cir. 2000).  If the plaintiff cannot meet this burden, and "it appears that subject matter jurisdiction is lacking," then the court is required to dismiss the case. *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998).

**ANALYSIS**

First, the undersigned notes that Bhatia named as defendants the United States, ICE, and three individuals in their official capacities.  This Court lacks subject matter jurisdiction over Bhatia's claims that these defendants violated his constitutional rights because *Bivens v. Six Unknown Named Agents of Fed. Bureau of narcotics*, 403 U.S. 388 (1971), does not provide a

cause of action against the United States, federal agencies, or individuals in their official capacities. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70 (2001); *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994); *Affiliated Home Health Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999) ("*Bivens* . . . provides a cause of action only against government officers in their individual capacities."). Thus, Bhatia's *Bivens* claims against the United States, ICE, and the individuals in their official capacities should be dismissed for lack of jurisdiction.

Second, the undersigned notes that the Immigration and Nationality Act provides ICE the authority to detain Bhatia. This Act provides that any alien who is convicted of an aggravated felony at any time after admission is deportable. *See* 8 U.S.C. § 1227(a)(2)(A)(iii). "Aggravated felony" includes the crime of money laundering if the amount of the funds exceeded $10,000 and an offense that involves fraud or deceit in which the loss to the victim exceeds $10,000. *See* 8 U.S.C. § 1101(a)(43)(D), (M). Bhatia's convictions of money laundering and wire fraud are aggravated felonies committed after he was admitted to the United States. Thus, Bhatia is "deportable" under Section 1227(a)(2)(A)(iii). Section 1226(c) provides, *inter alia*, that the Attorney General shall take into custody any alien who is deportable by reason of having committed any offense covered in Section 1227(a)(2)(A)(iii). Moreover, the Supreme Court has held that detention during a prisoner's removal proceeding is a constitutionally permissible part of the removal process. *See Demore v. Kim*, 538 U.S. 510, 531 (2003).

Additionally, this Court is without jurisdiction to hear Bhatia's Administrative Procedures Act ("APA") claims. The APA provides that a person suffering a legal wrong because of an agency action, or adversely affected or aggrieved by an agency action, is entitled to judicial review. *See* 5 U.S.C. § 702. APA review, however, is limited to situations where the

agency action is reviewable by statute or is a "final agency action for which there is no other adequate remedy in a court." *See* 5 U.S.C. § 704.  The Supreme Court has held two conditions must be satisfied in order for an agency action to be final.  "First, the action must mark the 'consummation' of the agency's decisionmaking process" and cannot "be of a merely tentative or interlocutory nature." *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997) (internal citations omitted).  "[S]econd, the action must be one by which 'rights or obligations have been determined,' or from which 'legal consequences will flow . . . .'" *Id*. at 178.  "The core question is whether the agency has completed its decision-making process, and whether the result of that process is one that will directly affect the parties." *Franklin v. Massachusetts*, 505 U.S. 788, 797 (1992).

Bhatia does not allege that there has been a final agency action.  Bhatia alleges that he faces imminent immigration custody and faces an order regarding his deportation or removal.[1]  Detention pending a decision on removal is not a final agency action. *See Qureshi v. Holder*, 663 F.3d 778, 781 (5th Cir. 2011) (holding that termination of asylum is not final agency action because it is "only an intermediate step in a multi-stage administrative process, succeeded (or accompanied) by removal proceedings"); *Pinho v. Gonzales*, 432 F.3d 193, 202 (3rd Cir. 2005) (holding agency action is final "where there are no deportation proceedings pending in which the decision might be reopened or challenged").

Although Bhatia does not claim that a final order of deportation or removal has been issued, the undersigned notes that Bhatia's "sole means of obtaining judicial review" of a final

---

[1] The undersigned notes that in their Brief [27], Defendants assert that Bhatia has now been taken into ICE custody, but Plaintiff has neither alleged that he is in ICE custody nor alleged that a final agency decision regarding his removal has been made.

5

order of removal is "to file a petition for review in the appropriate court of appeal." *See Zamarripa-Torres v. BICE*, 347 Fed. App'x. 47, 48 (5th Cir. 2009) (citing the REAL ID Act); *see also Verde-Rodriguez v. Attorney Gen. U.S.*, 734 F.3d 198, 206 (3rd Cir. 2013) ("[P]rocedural due process claims arising from a removal hearing are properly contained in a petition for review.").

Finally, it is inappropriate for Bhatia to litigate questions regarding the propriety of his underlying convictions in this action. Bhatia's APA and *Bivens* claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a plaintiff who has been convicted of a crime cannot bring a Section 1983 claim challenging the constitutionality of his conviction unless the conviction has been reversed, expunged, declared invalid, or called into question by federal habeas corpus. "Court's have extended *Heck*'s rationale beyond the context of § 1983 to a variety of situations where a plaintiff has been convicted of a federal crime and later files a civil action which, if successful, would necessarily imply the invalidity of the plaintiff's conviction." *Terry v. U.S. Small Bus. Admin.*, 699 F. Supp. 2d 49, 55-56 (D.D.C. 2010) (dismissing APA claim because a judgment in favor of the plaintiff would necessarily imply the invalidity of his sentence); *see also Davis v. Van Hook*, 2014 WL 1248291, at *2 (W.D. La. Mar. 25, 2014) ("*Heck* was a 42 U.S.C. § 1983 case, but its rule applies with equal force to *Bivens* claims.")

Despite his arguments to the contrary, Bhatia is attempting to collaterally attack the validity of his criminal convictions under the guise of APA and *Bivens* claims. *See Derrow v. Bales*, 2007 WL 1511997, at *2 (E.D. Tex. May 22, 2007) (finding that a plaintiff "has engaged in manipulative behavior in arguing at one point that he was merely seeking damages and then

arguing at another point that his conviction is void."). Bhatia asks this Court to determine that he was wrongfully convicted because Mon Wig engineered fabricated charges that led to Bhatia's investigation and convictions. In his Amended Complaint, Bhatia requests a "declaratory judgment and injunction" finding that Defendants violate the Take Care Clause, the Due Process Clause, and the APA "by subjecting Mr Bhatia to imminent custody, by conceding, that their records and reports are based on deliberate fabrications and Wig's engineering." ([7] at 25-26.)[2] A favorable decision in this case would necessarily imply the invalidity of Bhatia's convictions; thus, Bhatia must first prove that the convictions or sentences have been reverse, expunged, invalidated, or otherwise called into question. *Heck*, 512 U.S. at 486-87. Bhatia has not shown that his convictions have been reversed, expunged, invalidated, or otherwise called into question. Accordingly, his claims should be dismissed.

## RECOMMENDATION

For the reasons stated, above, the undersigned recommends that Defendants' Motion to Dismiss [26] be GRANTED and that this action be dismissed with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with

---

[2] Bhatia also argues that a decision to remove him could only be based on fabrications and Wig's engineering.

instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

      THIS the 19th day of September, 2016.

                                              s/ Michael T. Parker
                                              United States Magistrate Judge